NOT FOR PUBLICATION                                                                                          (Doc. No. 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DORAN SHORTER and JULIA JUDAH, | |
| Plaintiffs, | Civil No. 14-4906 (RBK/JS) |
| v. | **OPINION** |
| QUALITY CARRIER, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

Before the Court is the motion of Defendants E.I. du Pont de Nemours and Company ("DuPont"), Gary Green, Warren Higinbotham, Joseph Cox, Robert George, and Kenneth Miller (collectively the "employee defendants") (collectively "Defendants") to dismiss the Complaint of Plaintiffs Doran Shorter ("Shorter") and Julia Judah ("Judah") (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' motion to dismiss is granted.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter arises out of the alleged injury to Shorter during the course of his employment with DuPont.  (Ex. A to Def.'s Br., Compl., First Count, ¶ 3.)  Shorter sustained chemical and thermal burns from exposure to molten ortho phenaline diamine on June 27, 2012, when a tank trailer released the chemical due to "faulty valves."  (Id. ¶ 5.)  Plaintiffs filed a

Complaint against several defendants on June 18, 2014, in the Superior Court of New Jersey, Law Division, Camden County.  (See Complaint.)  On August 4, 2014, DuPont and several other defendants filed a Notice of Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. No. 1), and, at this Court's direction, filed an Amended Notice of Removal on August 18, 2014 (Doc. No. 9).  Against the moving Defendants, Plaintiffs allege negligence under an "intentional wrong" theory (Sixth Count), and a violation of the New Jersey Worker Health and Safety Act, N.J.S.A. 34:6A et seq. (Seventh Count).  In addition, Plaintiffs assert products liability and breach of warranty claims (Ninth and Tenth Counts).  Finally, Judah asserts a claim for loss of consortium (Twelfth Count).  Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as to all claims against them on August 22, 2014.  (Doc. No. 13.)[1]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to

---

[1] Defendants Quality Carriers, Inc. (improperly pled as Quality Carrier, Quality Carriers, and Quality Carriers, Inc. d/b/a/ Quality Carriers), Quality Distribution, Inc., and Quality Distribution, LLC (improperly pled as Quality Distributions) (collectively "Quality Carriers"), oppose the moving Defendants' motion to dismiss.  (See Doc. No. 24.)  In their Answer, Quality Carriers assert a cross-claim against Defendants. (Doc. No. 20 at 15-16.)  A non-moving codefendant may have standing to oppose a co-party's motion. See Residences at Bay Point Condo. Ass'n, Inc. v. Standard Fire Ins. Co., No. 13-2380, 2013 WL 6252692, at *7-8 (D.N.J. December 4, 2013) (finding standing for a codefendant to oppose a motion for summary judgment, even in the absence of a cross-claim).  However, the Court need not address the standing issue, as it would reach the same result irrespective of the opposition of Quality Carriers.

"state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 679). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

## III.   DISCUSSION

Plaintiffs' Complaint alleges negligence against Defendants in their control and maintenance of the tank trailer, their failure to inspect the tank trailer, and for "allow[ing] and/or permit[ing] to exist a certain dangerous and hazardous condition of said tank trailer" by failing to warn of its hazardous condition. (Compl., Sixth Count, ¶ 11.) Notwithstanding the exclusivity provision set forth in the New Jersey Workers' Compensation Act ("WCA"), N.J.S.A. 34:15-8, Plaintiffs claim liability under Laidlow v. Hariton Machinery Company, Inc., 170 N.J. 602 (2002), in that Defendants acted "with the knowledge that there was a substantial certainty that said acts and omissions would eventually result in injury to one of its employees and was outside the realm of conditions expected in industry." (Id. ¶ 12-13.) Plaintiffs allege that Shorter's

injuries arose "as a result of the . . . negligence carelessness and/or intentional acts" of Defendants. (Id. ¶ 14.)

The WCA provides:

> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

N.J. Stat. Ann. § 34:15-8 (emphasis added). Generally speaking, where an employee's injury is compensable by way of the WCA, the employee loses the right to bring an action on account of those injuries at common law. Id. This compensation system represents an "historic 'trade-off' whereby employees relinquish their right to pursue common-law remedies in exchange for prompt and automatic entitlement to benefits for work-related injuries." Laidlow, 170 N.J. at 605 (citing Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 174 (1985)). An exception to the exclusivity rule exists—and thus an employee retains the right to bring an action at common law—for injuries sustained as the result of an employer's intentional wrong. N.J. Stat. Ann. § 34:15-8.[2]

To qualify for the intentional wrong exception, a plaintiff must satisfy the two-pronged test articulated by the New Jersey Supreme Court in Millison. See 101 N.J. at 177-179. Under the "conduct" prong, the plaintiff must show that the employer acted with knowledge that it was substantially certain that a worker would suffer injury. Mull v. Zeta Consumer Prods., 176 N.J. 385, 391 (2003) (quoting Laidlow, 170 N.J. at 617). The "context" prong requires the plaintiff to show that "the resulting injury and the circumstances of its infliction on the worker [are] (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature

---

[2] The WCA's exclusive remedy provision also applies to injuries caused by the actions of a fellow employee. Basil v. Wolf, 193 N.J. 38, 54 n. 7 (2007). Thus, the forthcoming discussion applies equally to Du Pont and to the employee defendants.

intended the Workers' Compensation Act to immunize." Id. (quoting Laidlow, 170 N.J. at 617). A plaintiff must prove both prongs of the test in order to satisfy the intentional wrong exception. See Millison, 101 N.J. at 177-179.

Here, Plaintiffs' "threadbare recital" of the elements of an intentional wrong, coupled with legal conclusions, cannot survive Defendants' motion to dismiss. See Iqbal, 556 U.S. at 678-79. Regarding the "conduct" prong, Plaintiffs allege generally that there was "substantial certainty" that injury would result, and that the Defendants committed "intentional acts." Although Plaintiffs contend that Defendants "rendered ineffective those protective devices or safeguards originally installed or provided for the aforementioned tank trailer and valves," this allegation, without an allegation of a deliberate intent to injure or with knowledge that this act was substantially certain to lead to injury, is not enough to escape the exclusivity provision of the WCA. See Laidlow, 170 N.J. at 622-23 (declining to establish a per se rule that an employer's removal of a safety guard or device establishes an "intentional wrong" within the meaning of the WCA); Mabee v. Borden, Inc., 316 N.J. Super. 218, 230-231 (App. Div. 1998) (alteration or removal of a safety device does not present a per se prima facie case of "intentional wrong"). Furthermore, Plaintiffs' argument in their brief that Defendants "acted with the knowledge that a catastrophic injury was substantially certain to occur" because Defendants "knowingly removed or knowingly failed to replace or repair the safety stop on the external manual valve and knowingly failed to repair or replace the internal hydraulic valve," does not cure Plaintiffs' failure to sufficiently plead an intentional wrong in the Complaint itself. (Pl.'s Opp'n Br. 5.) See In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1424-1425 (3d Cir. 1997) (finding

it improper for the district court to rely on facts in defendants' brief in support of their motion to dismiss in order to reach its conclusion.)[3]

Similarly, Plaintiffs have failed to properly plead the "context" prong. Claiming that Shorter's injury was "outside the realm of conditions expected in the industry," while a closer call considering the lack of fact discovery at the initial pleading stage, still does not provide any factual allegations establishing that the risk of exposure to chemicals was not part of Shorter's employment in a chemical manufacturing facility. On the contrary, Plaintiffs aver that the risk of injury was "inherent in the nature of the specific work assigned to" Shorter. (Compl., Seventh Count, ¶ 2.) Again, Plaintiffs' argument in their brief that Defendants' "actions, or lack thereof, is not part and parcel of everyday industrial life and is plainly outside the legislative grant of immunity," cannot save their Complaint. (Pl.'s Opp'n Br. 5.) Plaintiffs simply have not included enough factual allegations in their Complaint to meet the plausibility standard articulated by the Supreme Court. Therefore, Shorter's claims against the moving Defendants must be dismissed.[4]

Because this Court dismisses Shorter's claims against Defendants, the loss of consortium claim by his wife Judah must also be dismissed as to the moving Defendants. See Danek v. Hommer, 9 N.J. 56, 61 (1952) (finding that the WCA prevented a husband from maintaining an

---

[3] Plaintiffs' opposition also includes arguments that Shorter was injured because the external manual valve on the trailer had "moved passed the closed position due to a missing or broken safety stop." (Pl.'s Opp'n Br. 3.) To support this, Plaintiffs attach several exhibits, including an affidavit by Shorter (Ex. L), a Preliminary Incident Communication (Ex. B), and a Final Incident Investigation Communication (Ex. C). These documents are more properly considered on a motion for summary judgment, and thus the Court will disregard them in deciding this motion to dismiss. See In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002) (in considering a Rule 12(b)(6) motion, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint, and matters of public record).

[4] To the extent that Shorter's claims rest in negligence, products liability, or breach of warranty, the exclusive remedy provision of the WCA bars any such claims against the moving Defendants. As discussed supra, an employer and co-employees "shall not be liable to anyone at common law or otherwise . . . except for intentional wrong." N.J. Stat. Ann. 34:15-8.

action against his wife's employer for loss of consortium as a result of her workplace injury); see also Diaz v. Johnson Matthey, Inc., 869 F. Supp. 1155, 1158 n.1 (D.N.J. 1994).

## IV.  CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is granted, and all claims against them shall be dismissed without prejudice.  Plaintiffs may request, within the requisite time period stated in the Order accompanying this Opinion, leave to amend their Complaint to cure the deficiencies noted herein.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.")  An appropriate order shall issue.


Dated: 12/16/2014                                                          s/ Robert B. Kugler
                                                                                                                                               ROBERT B. KUGLER
                                                                                                                                               United States District Judge